* GEORGE CLIFFORD, EXR. v. MARY FOSTER ET AL.

1. **Bequest of Nonancestral Realty to Widow "Secured" to Widows of Intestates by Ohio Laws, Remainder to His Brother Absolutely, Passes All Personalty and Realty in Ohio to Widow, and Realty Outside Ohio to His Brother.**

   A bequest to his widow by an aged and childless man, possessed of personal and real property in Ohio and Kentucky, all acquired by purchase. of "all that part and interest in my estate, real, personal and mixed, which is secured to her, as my widow, by the laws of distribution of the state of Ohio, in the cases where wives survive husbands who dies intestate," with a bequest of "absolutely all the remainder" to his brother, gives all his personalty and his real estate in Ohio to his widow, and all his realty outside of Ohio to his brother; the word "secured" is construed to mean what she would "obtain" or "have" as his widow at his death.

2. **Testimony of Scrivener of Will as to Declarations of Intention of Testator Incompetent in Absence of Ambiguity.**

   Testimony of an attorney drawing a will as to declarations of intention of testator is not competent in the absence of ambiguity in the provisions of the will.

ERROR to common pleas court.

*Kramer & Bettman* and *H. A. Bayless,* for plaintiff in error.
*Oliver B. Jones* and *Morse, Tuttle & Harper,* for defendant in error.

---

*Reversed, **Foster v. Clifford,** 87 O. S. 000; 58 Bull. 58.

Hamilton County.

**SMITH, J.**

In the above case this court is called upon to construe the following will:

"In the name of the Father of All, Amen. I, Thomas Foster of Cincinnati, Ohio, being of sound mine and memory, and well knowing the uncertainty of all life, do make, publish and declare the following for, and to be, my last will and testament, hereby revoking and cancelling all former wills by me made.

"1. I desire and direct that all my just debts be first paid out of my estate.

"2. I give and bequeath to my beloved wife, Mary Foster, all that part and interest in my estate, real, personal and mixed, which is secured to her, as my widow by the laws of distribution of the state of Ohio, in the cases where wives survive husbands who died intestate.

"3. I give, devise and bequeath absolutely all the remainder of my property, real, personal and mixed after the dispositions in items one and two herein have been made, and wherever the same may be situated, to my dear brother, James E. Foster, now of Chicago, Illinois.

"4. I hereby nominate and appoint my said brother, James E. Foster and George Clifford, of Cincinnati, Ohio, to be the executors of this will, and my faith in each justifies me to request herein, as I do, that they be not required to give bond.

"In testimony whereof, I have hereunto set my hand and seal, this first day of March, 1906.

"(Signed) THOMAS FOSTER [seal.]

"Signed, sealed, witnessed and declared, this first day of March, 1906, by the said testator, Thomas Foster, in our presence as his last will and testament, and signed by us as witnesses at his request, in his presence and in the presence of each other.

"(Signed) M. W. CONWAY,
"JOSEPH CLIFFORD,
"EDWIN KELLEY."

In the case of *Townsend* v. *Townsend*, 25 Ohio St. 477, the rule of construction of wills is as follows:

Clifford v. Foster.

"1.  In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

"2.  Such intention must be ascertained from the words contained in the will.

"3.  The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear from the context that they were used by the testator in some secondary sense.

"4.  All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.

"5.  If a dispute arises as to the identity of any person or thing named in the will, extrinsic facts may be resorted to, in so far as they can be made ancillary to the right interpretation of the testator's words, but for no other purpose."

The evidence discloses that the testator, Thomas Foster, a resident of Cincinnati, Ohio, died in December, 1908, leaving as his widow, Mary C. Foster, to whom he had been married thirty-three years at the time of his death; he was eighty-three years old; he left no children.  An older brother, James Foster, survived him.

The property owned by the testator consisted of personal and real property, the latter being in Hamilton county, Ohio, and Campbell county, Kentucky; he had acquired all of this by purchase, no property that he left being ancestral.

With this evidence before us, under the rule above cited, we do not find any ambiguity in the will of the testator.  It is apparent that he gave to his wife all of his personal property and real estate that would go to her by the statutes of Ohio had he died without making a will and she survived him, and this is to be governed by the laws of distribution contained in Gen. Code 8573, 8574, 8578, 8592, and 8606 of this state.

He, therefore, devised to his widow all of his personal property and all of his real estate within the state of Ohio; and to his brother all of his real estate lying outside of this state.

Some argument has been made upon the use of the words "secured to her" by the testator, but it is evident that in the

### Hamilton County.

use of these words, he meant what she would "obtain" or "have" as his widow.

We do not think the evidence of the attorney who drew the will, as to the declarations of intention of the testator, is competent.

Judgment affirmed.

**JONES, J.,** dissenting.

The question in this case is: What portion of the estate of testator goes, under his will, to the widow?

It is conceded that James E. Foster, under the third item of the will, is made residuary legatee and takes the remainder of the estate after the widow's bequest is taken out.

Item two gives to the "wife Mary Foster all that part and interest in my estate, real, personal and mixed which is secured to her, as my widow by the laws of distribution of estates, of the state of Ohio, in the cases where wives survive husbands who die intestate."

I fail to see any ambiguity in this provision. No extrinsic evidence is necessary to explain it and it was error to have admitted such evidence in the lower court.

The widow takes what "is secured" to her by the laws of Ohio "as widow." Not "will be secured to her" but "is secured to her," meaning, of course, at the time the will was made.

Now, what portion of a man's estate is secured to his wife during his lifetime? The word "secure" as used here means "make safe," "make fast."

Nothing is secure to a wife, i. e., "safe" to her or "made fast," except her dower interest in real estate and distributive portion of personal property. As to the balance of the consort's estate, even where there are no children, she is only the prospective heir at law. The remaining two-thirds of the estate is not secured to her in any way. Her coming into possession of it at his death is dependent upon the existence or nonexistence of a will. If there are no children and he dies intestate she gets this two-thirds of the property, not by virtue of her being the widow, but as heir so designated by statute.

### Clifford v. Foster.

This portion of the estate is no more secured to her during coverture than a child's prospective share in his or her parent's estate is secured to such child.

The widow, therefore, takes under this will, in my opinion, an allowance for support for one year, free occupancy of the mansion house one year, one-half of the first $400 of the personal property and one-third of the remainder, one-third of the real estate for life and any other interests, if any, in decedent's estate which were secured to her on the date of the execution of the will by the laws of Ohio.

Assuming that the will is ambiguous and that it is proper to resort to the evidence as contained in the bill of exceptions herein to explain its provisions, it seems to my mind that the above construction becomes the more manifest as the true intention of the testator.

It appears that testator was over eighty years of age and childless; that the wife was also far advanced in years; that the estate consisted of real and personal property valued at $165,000. There is real estate in Kentucky worth $20,000 and the balance of the property is in Ohio.

According to the construction contended for by counsel for the widow and adopted by the majority opinion of the court, the widow takes all the property in Ohio and the residuary legatee takes the Kentucky real estate.

To me, it is inconceivable that an attempt to express such an intention by the language employed in this will would be made by a man who possessed the business ability to accumulate this fortune, when such desire could have been expressed so briefly and clearly that a child could understand.

There is one more consideration leading me to the conclusion here recorded that I will briefly refer to.

Testator says that his wife is to have the portion "that is secured to her" by the laws of Ohio in "cases where wives survive husbands who die intestate."

There are several different statutes or sections making provision for widows and the widow's portion differs with differing

facts and circumstances. It is dependent in amount upon whether the real estate is ancestral or nonancestral and upon the decedent leaving children surviving. The construction which my associates favor can not be given without adding at the end of the second clause of the will the words "and childless" or words of the same import.

It is necessary to add to or supply nothing in this will. A portion of a man's estate "is secured" to his wife and can not be affected by the manner in which the property was acquired, or by his leaving or not leaving issue, or in any other way except by her own act.

It was this portion that was given to the wife in this case.

**Swing, J.,** concurs.